**LAW OFFICES OF RAHUL WANCHOO** (RW 8725)
Attorneys For Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone: (201) 882-0303
Fax:    (201) 301-3576
E-mail: rwanchoo@wanchoolaw.com



RECEIVED
DEC 07 2007
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

EUROZONE NAVIGATION LIMITED

           Plaintiff,

- against -

DORCHESTER MARITIME LTD. and
DORCHESTER ATLANTIC MARINE LIMITED

           Defendants.
------------------------------------------------------------X

JUDGE COTE

ECF CASE

07 CV 11083

**VERIFIED COMPLAINT**

Plaintiff, EUROZONE NAVIGATION LIMITED, by its attorneys, LAW OFFICES OF RAHUL WANCHOO, alleges on information and belief as follows:

**JURISDICTION AND VENUE**

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court. This case also falls under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Finally, this Court also has jurisdiction over this matter because the action also arises under the convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et. seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et. seq.*

2. At all material times, Plaintiff, EUROZONE NAVIGATION LIMITED ("Plaintiff"), was and now is a corporation organized under and existing by virtue of the laws of Malta with an office and place of business at 171 Old Bakery Street, Valetta VLT 90, Malta, and was the Owner of the M.V. ASR (the "Vessel"), a dry cargo vessel engaged in the carriage of dry cargo by water.

3. Upon information and belief, at all material times, Defendant, DORCHESTER MARITIME LTD. ("DML"), was a corporation organized and existing under and by virtue of the laws of the Isle of Man with an office and place of business at Thornton House, Belmont Hill, Douglas, Isle of Man, IM1 4RE, British Isles, and was the Manager of the Vessel.

4. Upon information and belief, on or about January 4, 2007 DML changed its name to DORCHESTER ATLANTIC MARINE LIMITED, a corporation organized and existing under and by virtue of the laws of the Isle of Man with an office and place of business at Thornton House, Belmont Hill, Douglas, Isle of Man, IM1 4RE, British Isles.

## FACTS GIVING RISE TO CLAIM

5. On or about June 12, 2005, a Technical Management Agreement (the "Agreement") was made between Plaintiff, as Owner of the Vessel, and DML, as Manager whereby DML agreed to provide management services to the Vessel as agents for and on behalf of the Plaintiff.

6. The Vessel had a comprehensive annual class survey in Greece from September 8 to 22, 2005. The class surveyor was zealous and made 18 recommendations. This was surprising given that the subjects of the recommendations were not, with a few exceptions, matters of a serious nature. The superintendent appointed by DML appeared to have been a willing participant in finding that no job was too minor not to require immediate repair. This approach

continued with the preparation of further deficiency lists after the survey. Given that DML had taken delivery of the Vessel in early June 2005, and given the comprehensive nature of the class report, there was no reason why all of the proposed repairs to the Vessel should not have been efficiently planned and executed with the minimum delay to the Vessel. Ultimately however the repairs commenced by DML at the Victor Lenac repair yard in Croatia on the September 28, 2005 were not completed until the end of January 2006.

7. Thus, disputes arose between the parties by reason of DML's failures to prepare proper repair specifications, or to obtain proper quotations, or to supervise the repair work to the Vessel, resulting in the Vessel being out of service for 4 months. Furthermore, DML breached the Agreement, and a further Crewing Agreement made between the parties on the same date, by failing to provide any, or any properly certified, supporting documentation for alleged expenditure and payments relating to the Vessel, and any proper accounts relating to DML's services under the Agreements. The Agreements were terminated in December 2005.

8. Plaintiff is claiming for delays of the Vessel's originally quoted repair period of 12 days increased to 4 months. It should have been possible to complete all of these repairs in a maximum period of 1 month had they been properly assessed and planned. In consequence Plaintiff claims loss of earnings of the Vessel over a period of 3 months amounting to $752,000 as follows: The repairs commissioned by DML commenced on September 28, 2005, and should have been completed by the October 28, 2005, but were not completed until the end of January 2006 (after Plaintiff had had to appoint new managers to take over the Vessel and the management of the repair contract). At this time the Vessel was capable of earning a charter rate of about $8,000 per day. Accordingly damages equivalent to $8,000 per day are claimed from October 28, 2005 to January 31, 2006. This is a period of 94 days and amounts to $752,000.

9. Plaintiff also claims a total failure of consideration by DML for the management charges incurred under the Agreement and is claiming repayment of the charges that have been paid of about $45,000.

10. On the other hand, DML is claiming a balance of account for expenditure of $279,376.56. Of this amount, Plaintiff admits a balance of ONLY $44,032.66 is owed to DML. This is by reason of DML's failures to provide any or any properly certified supporting documentation for alleged expenditure to the Vessel, and by reason of their failure to provide proper and accurate accounts as referred to at paragraph 7 hereof.

11. By reasons of the premises, Plaintiff has sustained damages in the amount of $752,967.34 ($752,000 + $45,000 - $44,032.66) as best as can presently be calculated.

12. Arbitration of such disputes in London arbitration may take up to three years. Plaintiff is thus entitled to and would expect to receive interest compounded quarterly at the present prime rate of 8.25% from February 1, 2006 to the completion of the arbitration till about February 1, 2009 or $209,022.67.

13. The Agreements also provided in that, if any dispute arises between the parties, the matter in dispute shall be referred to arbitration in London with English law. The parties have submitted their disputes to arbitration in London. In addition to its claim Plaintiff is also entitled, in London, to attorneys' fees and other taxable costs incurred or likely to be incurred in bringing this claim, which as best as can presently be calculated, are GBP £150,000 representing arbitrators' fees, attorneys' fees and expert witnesses or about $300,000.

14. Thus Plaintiff's total claim against Defendants for which it seeks security herein is $1,261,990.01 ($752,967.34 + $209,022.67 + $300,000).

15. All and singular the premises are true and within the admiralty and maritime jurisdiction of this Honorable Court.

16. Plaintiff brings this action by seeking an order of seizure of Defendants' goods and chattels, or credits and effects in the hands of garnishees to be named in the process, in the amount sued for herein, so that the Court shall have jurisdiction to direct Defendants to proceed with arbitration of Plaintiff's claim against Defendants and to retain jurisdiction to enter a judgment upon the arbitration award in the London arbitration.

**WHEREFORE**, the Plaintiff prays the following:

1. That process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction may issue against Defendants, Dorchester Maritime Ltd. and Dorchester Atlantic Marine Limited, and that they be personally cited to appear and answer the matters set forth above.

2. That if the Defendants cannot be found within this District, then that Defendants' goods and chattels, or credits and effects within the hands of garnishees within the jurisdiction of this Court be attached by process pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims and in an amount sufficient to answer Plaintiff's claims of $1,261,990.01, the sum sued for in this Complaint;

3. That the action thereafter be stayed pending the arbitration award and that a judgment be entered upon the award of the aforesaid arbitration for the amount of any recovery by Plaintiff, together with interest, costs and disbursements of this action; and

4. That this Court grants to Plaintiff such other and further relief as may be just and proper in the circumstances.

Dated: New York, New York
       December 7, 2007

                                                **LAW OFFICES OF RAHUL WANCHOO**
                                                Attorneys for Plaintiff
                                                EUROZONE NAVIGATION LIMITED
                                                By: _____*Rahul Wanchoo*_____
                                                       Rahul Wanchoo (RW-8725)

STATE OF NEW JERSEY)
                    ss.
COUNTY OF BERGEN   )

I, Rahul Wanchoo, being duly sworn, deposes and says:

I am an attorney at law and a member of the firm of Law Offices of Rahul Wanchoo, attorneys for Plaintiff.

I have read the foregoing Verified Complaint and know the contents thereof and the same are true to the best of my knowledge, information and belief.

The reason that this verification is made by me and not by Plaintiff is that Plaintiff is a foreign corporation and is not within this District.

_Rahul Wanchoo_

Sworn to and subscribed to
before me this 5th day of
December, 2007

_Beverly Melluck_
Notary Public